```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JANE DOE, ET AL,                   :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :   CASE NO. 3:18cv724(AVC)
                                   :
UNITED STATES OF AMERICA and       :
JOHN DOES 1-8,                     :
     Defendant.                    :
```

RECOMMENDED RULING

*Pro Se* plaintiffs, both referred to in the Complaint as Jane Doe, bring this action against the United States of America as well as eight unidentified John Does.[1] Pending before the court is plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. #2). Based on the financial information submitted by plaintiffs, the motion is GRANTED. However, the undersigned recommends that the action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   Legal Standard

28 U.S.C. § 1915, which governs *in forma pauperis* status, also allows the court to review and dismiss the underlying action, if necessary. Under subsection (e) a court "shall

---

[1] Plaintiffs have failed to identify or reference any conduct by any of the alleged John Doe defendants noted in the caption of the Complaint. Without any specific allegations against the John Doe defendants, the Court will proceed with an analysis of plaintiffs' claims against the United States of America only.

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under §1915(e), an action is frivolous, "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'"  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 327).  The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.  An action fails to state a claim to relief if it lacks

> sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  The plausibility standard . . . asks for more than a sheer probability that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe

2

*pro se* complaints liberally." Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000) (citations and internal quotation marks omitted).  Therefore, *pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980)(citation internal quotation marks omitted).  "In evaluating [a plaintiff's] complaint, [the court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor."  Cruz v. Gomez, 202 F.3d 593, 596-97 (2d Cir. 2000).

II. Discussion

    Plaintiffs have submitted a 47-page complaint that articulates grievances against the United States District Courts in both the District of Connecticut and the District of Columbia.  The main allegation contained in the complaint is that plaintiffs have been discriminated against because of race and disability and have not been provided meaningful access to the courts.  The complaint discusses previous litigation filed by plaintiffs and their brother.  The complaint takes issue with rulings from and conduct by the Honorable Janet C. Hall and the Honorable Robert N. Chatigny.  Plaintiffs argue that previous rulings from within this District have denied them access to the

court and are judicial abuses.  Specifically, plaintiffs allege that various judges have abused their power, are unfit to serve as judges, have discriminated against the plaintiffs based on race and financial status, and have conspired to obstruct justice.  (Compl. at 10-19.)  Plaintiffs seek injunctive and declaratory relief as well as actual and punitive damages in the amount of $5,000,000.00. (Compl. at 46.)

 The plaintiffs complaint names the United States of America and John Does 1-8 as defendants. (Compl. at 1.)  Considering the contents of the complaint, it appears that the only identified individuals who could be the John Doe defendants mentioned in the caption of the complaint are federal judges or members of the clerk's office.  In addition, there is no indication in the complaint of any behavior by any judge which is outside of his or her official duties. "Judges are immune from suit for exercising their judicial authority.  The classification of a judge's actions as judicial or nonjudicial is a question of law for the court." Patterson v. Rodgers, 708 F. Supp. 2d 225, 236 (D. Conn. 2010); *see also* Whitnum v. Emons, No. 3:15-CV-959 (SRU), 2015 WL 5010623, at *2 (D. Conn. Aug. 24, 2015) ("Absolute immunity is enjoyed by judges for all acts that are judicial in nature."). As the United States Supreme Court stated

4

in Stump v. Sparkman, 435 U.S. 349, 362 (1978), "the relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."

Even when the Court construes plaintiffs' complaint liberally, plaintiffs do not allege any conduct by any judge that could be construed as outside of his or her official capacity or not performed in the normal course of his or her duties.  Each of the acts alleged in the complaint involves a function that is normally performed by a judge and each such act was performed while the plaintiffs were dealing with the judge in his or her official capacity. *See* Stump, Id.  The complaint alleges that the judges engaged in the following conduct: issuing rulings which are unfair, legally incorrect, or not supported by the law, including but not limited to rulings regarding judicial immunity and/or sovereign immunity (Doc. #1 pp, 4-5, 6, 10, 13-17, 24, 26, 33, 34); failing to cite precedent when issuing decisions (Doc. #1, p. 18); allegedly failing to process complaints until ordered to do so by an appellate court (Doc. #1, p. 6); failing to liberally construe

John Doe complaints (Doc. #1, p. 10); misconstruing plaintiff's complaints (Doc. #1, p.16); forcing plaintiffs to amend their complaints (Doc. #1, p. 11); improperly reviewing In Forma Pauperis Complaints (Doc. #1, p. 11 and 41); holding the plaintiffs to a higher standard of pleading than required by law (Doc. #1, p. 11, 41); dismissing plaintiffs' complaints (Doc. #1, p 6, 12-13, 22, 41, 43); failing to grant discovery to the plaintiffs (Doc. #1, pp. 12, 15); not issuing rulings in a timely manner (Doc. #1, pp. 15, 19, 23-26); failing to appoint counsel for the plaintiffs (Doc. #1, pp. 29, 34); allegedly refusing to enforce the laws that the plaintiffs have cited and relied upon in their complaints (Doc. #1 pp. 5, 14); allegedly failing to remain neutral (Doc. #1, p. 13); allegedly being disrespectful at a hearing (Doc. #1, p. 29); refusing to recuse from cases (Doc. #1, p. 25); unfairly scheduling and canceling hearings (Doc. #1, pp. 17, 37); improperly pressuring plaintiffs during settlement negotiations (Doc. #1, p. 27); believing or relying upon witnesses who, according to the plaintiffs, were lying (Doc. #1, p. 28); and allegedly making improper statements in court (Doc. #1, p.6). Additionally, while it is not entirely clear if the plaintiffs are making any claims against the Second Circuit Court of Appeals, the complaint also asserts that the

Second Circuit Court has remanded cases to biased judges and failed to remove such biased judges. (Doc. #1, pp. 27, 43).

None of the conduct alleged in the complaint could be construed as outside of a judge's official capacity or not being performed in the normal course of a judge's duties. *See*, Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir.1997) (a judge "will be subject to liability only when he [or she] has acted in the *clear absence of all jurisdiction*")(quotation and citation omitted)(emphasis in original); *see also* Whitnum v. Emons, No. 3:15-CV-959 (SRU), 2015 WL 5010623, at *2 (D. Conn. Aug. 24, 2015); *see also* Skipp v. Conn. Judicial Branch, No. 3:14-CV-00141 (JAM), 2015 WL 1401989, at *7 (D. Conn. Mar. 26, 2015) (finding that "[n]o exception to judicial immunity applies . . . [where] the allegations against the judges relate to actions taken in their capacity as judges, rather than to actions in their personal or non-judicial capacity or to actions taken in the complete absence of jurisdiction."). Even when construed liberally, the complaint does not allege any conduct by any judge that would be sufficient to avoid judicial immunity. Accepting the allegations as true, some of the alleged conduct would be inappropriate and improper but not outside of each judge's capacity as a judge. Even if there are allegations of an

improper motive, the United States Supreme Court has stated in Forrester v. White, 484 U.S. 219, 227 (1988), that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *See also* Stump, 435 U.S. at 356-57 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'")(*quoting* Bradley v. Fisher, 13 Wall 335, 351 (1872)); Bliven v. Hunt, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005)("Judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive.").[2]

Any claims against judges, styled against John Does or otherwise, should be dismissed based on judicial immunity. Additionally, if plaintiffs are attempting to sue John Does

---

[2] The difference between lack of jurisdiction and acting in excess of jurisdiction has been described as follows:
> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump v. Sparkman, 435 U.S. 349, 357 n.7 (1978)(quoting Bradley v. Fisher, 13 Wall 335, 352 (1872)).

other than the federal judges whose actions are outlined in the complaint, the undersigned recommends dismissal of those claims as well.  "Ordinarily, a plaintiff may proceed against fictitiously named defendants only if it appears that the claims are otherwise proper . . . and the plaintiff will be able to obtain the names of the unnamed defendants through the discovery process." Gilhooly v. Armstrong, No. 3:03CV1798(MRK)(WIG), 2006 WL 322473, at *2 (D. Conn. Feb. 9, 2006); *see also* Bliven, 418 F. Supp. 2d at 138 (dismissing unnamed judges or members of court staff who assisted in the performance of judicial functions, based on immunity, but stating that even if their conduct did not fall within the scope of immunity, the complaint was devoid of allegations as to who the individual defendants were or how they were involved). After thoroughly reviewing the complaint and documents that are cross referenced in the complaint, the Court is unable to identify any reference to any conduct that is attributed to any John Does who are not protected by immunity.[3]

---

[3] Insofar as plaintiffs are attempting to bring claims against judicial staff and clerk's office staff within the district courts, those claims are also subject to judicial immunity and must be dismissed. *See* Hannon v. Bd. of Pardons & Paroles, No. 3:15-CV-541 JAM, 2015 WL 3849474 (D. Conn. June 22, 2015); *see also* Thomas v. Wilkins, 61 F.Supp.3d 13, 19 (D.D.C. 2014)("If immunity were not extended to clerks performing judicially

Likewise, to the extent that plaintiffs attempt to bring claims against the United States of America under the Federal Tort Claims Act, those too must be dismissed. "The United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674.  As referenced above, the alleged acts or omissions that form the basis of the complaint all involve actions or omissions by federal judges or judicial staff and are, therefore, protected under judicial immunity.

While plaintiffs' complaint is at times unclear, it appears to the Court that all further claims are still related to conduct directly stemming from judicial action during prior litigation.  The Court recommends that any claims against the

---

related tasks, courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts.")(internal quotation and citation omitted).  In this matter the conduct complained of that appears to relate to clerks includes: failing to file or serve plaintiffs' pleadings (Doc. #1, pp. 6, 15-16); filing a pleading on the docket but failing to make redactions (Doc. #1, pp. 19 and 23); denying that the court received plaintiffs' fee waivers and returning plaintiffs' complaints (Doc. #1, pp. 26, 29, 41-42); and not making reasonable accommodations for the plaintiffs to use CM/ECF in the districts of D.C. and Maryland (Doc. #1, pp. 30, 37).

United States of America for constitutional torts under 42 U.S.C. §§ 1983 and 1985 be dismissed. "Under the doctrine of sovereign immunity, a citizen cannot sue the government or its employees for money damages, unless Congress passes a statute that waives the government's protection from suit." Byars v. Malloy, No. 3:11CV17(SRU), 2011 WL 4538073, at *4 (D. Conn. Sept. 29, 2011)(citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). Insofar as "Congress has never waived the federal government's immunity for constitutional torts," plaintiffs' claims for violation of their constitutional rights should be dismissed. Byars, 2011 WL 4538073, at *4. Indeed, Congress has shown no interest in waiving sovereign immunity as it relates to the specific statutes cited by plaintiff. *See* Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 467 (S.D.N.Y. 2006).

Additionally, plaintiffs' claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 should be dismissed. Any ADA claims must be dismissed because Title II of the ADA, which relates to public entities, does not apply to the federal government. *See* 42 U.S.C. § 12131(1); *see also* Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000)("Title II of the ADA is not

applicable to the federal government."). Additionally, while plaintiff does seek both monetary damages and injunctive relief, all claims under Section 504 must also be dismissed. As with many of the other claims asserted in the complaint, the federal government is immune from suit for damages under Section 504. *See* Lane v. Pena, 518 U.S. 187, 189 (1996). In addition, while courts have interpreted Section 504 to allow cases for injunctive or declaratory relief to progress against federal defendants, the plain language of the statute indicates that it applies to executive agencies of the government.

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any *Executive agency* or by the United States Postal Service.

29 U.S.C. § 794 (emphasis added). In this case plaintiffs have complained of conduct only by federal judges, judicial staff and the District Court. As the court and its employees are part of the judicial branch and not the executive branch these claims must be dismissed.[4]  *See*, E.g., Snider v. United States, No. CV

---

[4] At several points in their complaint, the plaintiffs raise concerns regarding statements by judges that certain laws, including the ADA, do not apply to the federal judiciary, due to

4:18-1789, 2018 WL 4760840, at *5 (M.D. PA. Oct. 2, 2018); *see also* Smith v. U.S. Court of Appeals, No. C-08-1860 EMC, 2008 WL 2079189, at *4 (N.D. Cal. May 15, 2008); *see also* Hollingsworth v. Duff, 444 F. Supp. 2d 61, 63 (D.D.C. 2006) (finding that "a judicial branch agency, is not within the purview of the Rehabilitation Act.")

Even in construing plaintiffs' claims liberally, the Court can find no set of facts alleged in the complaint sufficient to warrant a suit against the named parties. Plaintiffs' concerns regarding rulings rendered by the District Court and others are properly addressed through the appeal process and not through litigation seeking damages against federal judges or courts. In addition, plaintiffs have not identified claims under any federal statutes wherein the United States has sufficiently waived its sovereign immunity. For the reasons stated herein, the undersigned recommends that the complaint be dismissed.

---

the existence of judicial immunity or due to the fact that those laws do not apply to the federal government. (See Doc. #1, at pp. 17, 19, 33-34). While the Court certainly understands and appreciates how frustrating it must be to hear such statements, the cases cited in this ruling demonstrate that it is a correct statement of the law.

III. Conclusion

For these foregoing reasons the undersigned recommends that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas v. Arn, 474 U.S. 140, 155 (1985).  Failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling.  Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated this 10th day of January, 2019 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge